UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-cr-21158-JORDAN/McALILEY

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JOEL STEINGER, et.al.,

     Defendant(s).

_____//

### DEFENDANT JOEL STEINGER'S RESPONSE TO DEFENDANT MCNERNEY'S MOTION FOR SEVERANCE (DE. 285)

Defendant Michael McNerney ("McNerney") has filed a Motion for Severance based upon his professed need to present evidence during his trial, that throughout a four year criminal investigation into MBC by the Florida Statewide Prosecutor, Joel Steinger ("Steinger"), was advised by his attorneys to invoke his Fifth Amendment privilege against self-incrimination in numerous civil cases (DE. 285). McNerney seeks to prove this advice to rebut the government's contention that McNerney settled several civil cases during that time period in an effort to prevent Steinger from having to reveal to investors his criminal and regulatory history as well as his role in MBC. This Response by Steinger addresses the issues raised in that motion.

Steinger's overriding concern is his right to exclude any evidence that Steinger, through criminal defense counsel, communicated his intent to invoke or invoked his Fifth Amendment Privilege during various civil lawsuits, as a result of the ongoing Statewide Prosecutor Investigation. Steinger submits that such evidence is inadmissible at his

SHOHAT, LOEWY & SHOHAT - PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2911

criminal trial regardless of whether it is the government or a co-defendant such as McNerney who seeks its introduction.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal,, where the answers might incriminate him in future criminal proceedings. *E.G. Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973); *Pillsbury Co. v. Conboy, 459 U.S. 248(1983); Baxter v. Palmigiano*, 425 U.S. 308,316 (1976). In *McCarthy v. Arndstein,* 266 U.S. 34, 40 (1924), the Court squarely held:

> '(t)he privilege is not ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it.  The privilege protects a mere witness as fully as it does one who is also a party defendant.'

*McCarthy v. Arndstein* reflects the settled view of the Supreme Court.  *Lefkowitz v. Turley,* 414 U.S. at 77.  The object of the Amendment, "was to insure that a person should not be compelled, when acting as a witness in any investigation to give testimony which might tend to show that he himself had committed a crime." *Id.; Counselman v. Hitchcock,* 142 U.S. 547, 562 (1892).  In any of these contexts, therefore, a witness protected by the privilege may rightfully refuse to answer unless and until he is protected at least against the use of his compelled answers and evidence derived therefrom in any subsequent criminal case in which he is a defendant. *Id.; Kastigar v. United States,* 406 U.S. 441 (1972); *Pillsbury Co. v. Conboy.*

SHOHAT, LOEWY & SHOHAT - PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2911

Page 3

It is now well-established that the Fifth Amendment privilege against self incrimination guarantees the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will and to suffer no penalty for such silence. *Spevack v. Klein,* 385 U.S. 511, 514 (1967); *Malloy v. Hogan,* 387 U.S. 1, 8 (1964). In this context, "penalty" is not restricted to fine or imprisonment. It means, as the Supreme Court held in *Griffin v. State of California,* 380 U.S. 609 (1965), the imposition of any sanction which makes assertion of the Fifth Amendment privilege "costly." *Id.,* 380 U.S. at 614*; Spevack v. Klein,* 87 U.S. at 515. Indeed, *Griffin* squarely held that the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Id.* at 615. Plainly, permitting the government to comment on Steinger's exercise of his Fifth Amendment rights in civil proceedings would make the assertion of his privilege or the intention to assert the privilege as communicated by his counsel in those proceedings "costly" and violate his constitutional rights. *See Baxter v. Palmigiango,* 425 U.S. at 317 ("The State has not, contrary to Griffin, sought to make evidentiary use of [petitioner's] silence at the disciplinary hearing in any criminal proceeding.")

The fact that it will be his co-defendant McNerney who will be seeking to introduce evidence that Steinger invoked his Fifth Amendment privilege in the context of these civil suits does not change the equation. A defendant has a constitutionally guaranteed right of silence free from prejudicial comments, even when they come from a co-defendant's

SHOHAT, LOEWY & SHOHAT - PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2911

attorney. *DeLuna v. United States,* 308 F.2d 140 (5th Cir. 1962).[1] To meet the requirements of a fair trial as embodied in the Fifth Amendment, the trial judge must protect an accused's right of silence. *Id.* at 154. Thus, if an attorney's duty to his client requires him to draw the jury's attention to a possible inference of guilty from a co-defendant's silence, the trial judge must order the defendants to be tried separately. *Id; United States v. Johnson,* 713 F.2d 633, 652 (11th Cir. 1983).

These concerns are magnified here where the evidence McNerney will be introducing will show that Steinger's Fifth Amendment privilege was invoked by criminal defense attorneys acting on his behalf. The Eleventh Circuit has frequently observed that a witnesses' exercise of his Fifth Amendment Privilege has little or no probative value, but is inherently prejudicial, which is precisely why a party is prohibited from calling a witness who intends to invoke his Fifth Amendment privilege in front of the jury.  *See United States v. Zaccaria,* 240 F.3d 75, 79 (11th Cir. 2001); *United States v. Lacourture,* 495 F.2d 1237, 1240 (5th Cir. 1974).  These concerns are magnified when the decision to invoke privilege essentially is made by counsel.

Permitting McNerney's counsel, at a joint trial, to prove that as a result of the ongoing Statewide Prosecutor Investigation,  Steinger, through criminal defense counsel, invoked (or communicated his intent to invoke) his Fifth Amendment Privilege during various civil lawsuits, will open a veritable "Pandora's Box" of prejudicial inferences and issues.  If Steinger's attorney's communicated his intention to invoke privilege, would

---

[1]*See Bonner v. City ov Prichard,* 661 F.2d 1206(1981)(decisions of the Fifth Circuit as of September 30, 1981 are binding precedent in the Eleventh Circuit).

Steinger then be required to call his former attorneys to testify as to why they decided to invoke privilege in this manner? If Steinger did call his former attorneys to testify on this subject, to what extent could such testimony be limited by the court? If Steinger's former attorneys did testify about this subject, would this be considered a waiver of attorney-client privilege and, if so, to what extent would they be subject to cross-examination concerning their confidential communications with Steinger? These are only some of the questions that inevitably would arise in the context of this testimony.

Steinger respectfully submits that this Court is obligated to protect his Constitutional Privilege against self incrimination by prohibiting any party, whether the government or co-defendant McNerney, from introducing any evidence that Steinger, or attorneys acting on Steinger's behalf, invoked his Constitutional Privilege against self incrimination in any civil action brought while the Statewide Prosecutor investigation into MBC was pending. If this Court determines that this testimony and evidence is relevant to McNerney's defense and that McNerney has the right to introduce it to rebut any portion of the Government's case against him, then a severance of his trial from that of Steinger's must be granted.

Respectfully submitted,

**SHOHAT, LOEWY & SHOHAT**
Attorneys for Joel Steinger
800 Brickell Avenue, PH-2
Miami, FL 33131-2911
Phone:   305-358-7000
Fax:       305-358-4010
E-Mail: ed@slsdefense.com
          /s/ Edward R. Shohat
BY_____
   **EDWARD R. SHOHAT, ESQ., #152634**

SHOHAT, LOEWY & SHOHAT - PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2911

Page 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on <u>January 27, 2010</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Andrew K. Levi, Esq.
Ryan O'Quinn, Esq.
Assistant United States Attorney's Office
99 NE 4th Street
Miami, Florida 33132
Email: Andrew.Levi@usdoj.gov
Email: Ryan.Oquinn@usdoj.gov

Richard G. Lubin
Richard G Lubin PA
1217 S Flagler Drive, 2nd Floor
West Palm Beach , FL 33401-6706
Email: rich@lubinlaw.com

Jose Quinon
2333 Brickell Avenue, Suite A-1
Miami , FL 33129
Email: jquinon@quinonlaw.com

Scott Alan Srebnick
201 South Biscayne Boulevard, Suite 1380
Miami , FL 33131
Email: srebnick@aol.com

Joel Hirschhorn
Hirschhorn & Bieber
550 Biltmore Way,Penthouse Three A
Coral Gables , FL 33134
Email: Jhirschhorn@aquitall.com

*/s/ Edward R. Shohat*

_____
EDWARD R. SHOHAT, ESQ.